No. 12,097.

McFerson v. Aiello.

Decided July 2, 1928.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. CHARLES ROACH, Deputy, for plaintiff in error.

Mr. A. W. McHENDRIE, Mr. B. H. SHATTUCK, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the court.

McFERSON, state bank examiner, took possession of the assets of the International State Bank of Trinidad for liquidation. By order of the district court where the liquidation was pending, the commissioner held a public sale and at that sale Aiello bought all the remaining unliquidated assets of the bank, in bulk, for $40,000, and the same were delivered to him. They consisted of notes, charged off claims, tracts of real estate and miscellaneous choses in action, aggregating hundreds of separate items. In order to realize upon these items, documentary evidence in the hands of the commissioner, was necessary.

Aiello petitioned the court for an order on the commissioner to deliver to him all "the books, records, files, documents, correspondence, receipts and other papers" in the hands of the commissioner.

The court ordered the commissioner to retain "all the books of account of said bank pertaining to or used in connection with the operation of said bank," and further ordered him, upon his final settlement and discharge, to turn over to Aiello "all the remaining records, files, documents, correspondence and papers of every kind and

character'' used in connection with the operation of the bank. It is claimed that this order is in violation of C. L. § 2739 and section 15 of chapter 65, S. L. 1927.

Said section 2739 provides that when the commissioner has finished his liquidation he ''shall deliver to such stockholders  *  *  *  all the property and effects of said bank remaining in his possession, except its records, which shall be retained by him as part of the records of his office.''

Said section 15 reads that the commissioner ''may, in his discretion and at any time after the expiration of one year from the declaration of final dividend and closing of the estate, destroy any such files, records, documents, books of account or other papers which may appear to be obsolete or unnecessary for future reference as a part of the liquidation files of his office.''

It is manifestly inequitable that one should sell property and choses in action and deny the purchaser the ready means to realize on them; the records, documents, correspondence and other papers, therefore, should be delivered unless some statute prevents.

C. L. § 2739, requires the commissioner to retain the ''records.'' Section 15, permits him to destroy them, in his discretion, after one year after his settlement and discharge; he has the right, therefore, to retain them until that year has elapsed, but it would be inequitable for him to destroy them since they are desirable, if not necessary, for the realization of the value of the assets he sold. So far, then, as the ''records'' are concerned the order should have been that he retain them for one year after his settlement and discharge and then deliver them to the petitioner. So far as the other things covered by the order are concerned, they are required by section 2739 to be delivered to the stockholders, but only in case they remain in the commissioner's possession after his settlement and discharge. It is, therefore, no violation of that section to order him to deliver them before his discharge.

Judgment is reversed with directions to enter judgment in accordance with this opinion.

Mr. Justice Walker, Mr. Justice Whitford and Mr. Justice Burke concur.